UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

--------------------------------------------------------------------------------------------------------

Drametta Todd, individually and on behalf                    No. 1:10-cv-05598
of a class,

                                   Plaintiff,

              vs.

Target Corporation,

                                   Defendant.
_____

**MEMORANDUM OF LAW IN SUPPORT OF
TARGET'S MOTION FOR SUMMARY JUDGMENT**
_____

Defendant Target Corporation has moved this Court for a summary judgment in its favor as to the Plaintiff's claims. Target respectfully submits this memorandum in support of its motion.

## Issues

1.      The Fair & Accurate Credit Transactions Act of 2003 provides that "no person that accepts credit cards or debit cards . . . shall print . .  the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." The "merchant copy" of a receipt is not intended for the cardholder, but rather is maintained by the merchant in case of a retrieval request from the card issuer. Is the merchant copy "provided to the cardholder"?

1

2.     A business does not willfully violate the Fair Credit Reporting Act if it takes a view of the Act's requirements that is not "objectively unreasonable." Such a view may be "objectively reasonable" if the "reading has a foundation in the statutory text" and does not flout "guidance from the courts of appeals or the [FTC] that might have warned [the business] away from the view it took." Six federal district courts have held that FACTA's expiration-date provision does not apply to a merchant copy, and the FTC has published guidance consistent with that view. Is that view "objectively unreasonable"?

## Legal Standard

Rule 56 provides that a summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."[1] The Supreme Court of the United States has endorsed summary judgment in a case where applying the law to the facts compels but one result:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." . . . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.[2]

---

[1]Fed. R. Civ. P. 56(c)(3) (summary judgment: motion and proceedings thereon).

[2]*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[3]

The mere presence of a factual dispute will not preclude summary judgment.[4] A disputed fact must be *material*: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."[5] And even a disputed material fact will not overcome a motion for summary judgment unless the evidence can satisfy the applicable evidentiary standard. A mere "scintilla" will not suffice:[6] "If the evidence is merely colorable, or not significantly probative, summary judgment may be granted."[7]

---

[3]*Marten v. Godwin,* 499 F.3d 290, 295 (3d Cir. 2007) (quoting *Celotex*).

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact" (Court's emphasis)).

[5]*Id.* at 248.

[6]*Id.* at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)).

[7]*Id.* at 249–50 (internal citations omitted).

3

## Argument

This action concerns a claim under the Fair & Accurate Credit Transactions Act of 2003, known as "FACTA," that Target violated 15 U.S.C. § 1681c(g) by printing an expiration date on a credit-card receipt. The relevant statute provides that

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.[8]

But the alleged receipts at issue here are not the actual "receipt provided to the cardholder at the point of sale or transaction." They are sales-audit copies, more commonly known in the industry as "merchant copies."[9] The sales-audit copy or merchant copy is not intended for the cardholder, but rather was maintained in case of a retrieval request from the card issuer. Each such copy is clearly labeled "SALES AUDIT COPY," and concludes with the instruction, "PLACE IN MEDIA LOCATION UNDER REGISTER. GSTL -> BIND & PLACE IN MEDIA BRICK AT CLOSE."[10] The sales-audit copy, unlike the point-of-sale receipt that is provided to the cardholder, does not itemize merchandise and cannot be used by the cardholder to return merchandise.[11]

---

[8] 15 U.S.C. § 1681c(g)(1) (truncation of credit card and debit card numbers — in general).

[9] *See* Target's Statement of Material Facts [cited as "Facts"], ¶ 19.

[10] *Id.*, ¶ 16.

[11] *Id.*, ¶ 17.

4

The Plaintiff claims that Target willfully violated FACTA by printing the expiration date on the sales-audit copy.

I.      **Target did not violate the law because FACTA's expiration-date-redaction provision does not apply to a merchant copy.**

Courts around the nation — including at least six federal judges in five district courts in four different appellate circuits — have held over the past four years that the law against printing the expiration date on a credit-card receipt does not apply to a merchant copy, even if the merchant copy ends up in the consumer's hands. As far as Target knows, every court that has considered this issue has decided it the same way.

The first court that considered whether FACTA's expiration-date-redaction provision applied to merchant copies was the United States District Court for the Western District of Pennsylvania, which recognized in January 2008 in *Ehrheart v. Bose Corporation*[12] that the information on a receipt that the merchant gave to the cardholder might be less information than the merchant might need to retain for the merchant's own purposes:

> When a receipt is issued to document a transaction, the credit card information is 'unnecessary and of no consequence to the consumer, thereby justifying its redaction for the sake of protecting the consumer.' Later, however, if a question arises, such as the validity of a transaction, the identity of the purchaser, or in the case of a return, full information may be necessary. In those circumstances, FACTA does not prohibit the printing of a receipt containing full card information.[13]

---

[12]2008 WL 64491 (W.D. Pa. Jan. 4, 2008).

[13]*Id.* at *4 (internal citation omitted).

5

The *Ehrheart* court noted that FACTA "specifically excludes merchants' copies of receipts from the truncation requirement. See 15 U.S.C. Section 1681c(g)(1)."[14] The court granted summary judgment for the merchant.

The next court that considered FACTA's expiration-date-redaction provision was the United States District Court for the Southern District of Florida in *Turner v. Ben & Gabby's, Inc.*[15] That court followed the *Ehrheart* court, but went a step further and held that, even when a receipt was presented to the cardholder for signature, the receipt was not "provided to the cardholder" within FACTA's meaning if the cardholder was supposed to return the receipt to the merchant:

> . . . . In the majority of credit card transactions, the merchant prints two copies of the credit card receipt, one for the cardholder to sign and return to the merchant (the "merchant copy") and one for the cardholder to retain as a receipt or record (the "customer copy"). Thus, while both copies of the credit card receipt are shown to the customer, the merchant copy cannot be said to be "provided to the cardholder" because the cardholder is supposed to return the merchant copy to the merchant. See 15 U.S.C. § 1681c(g). The cardholder is only furnish [sic] or supplied with the customer copy, as that copy of the receipt is given to the cardholder to do what he pleases.
> Plaintiff appears to argue that FACTA's provisions apply every time a receipt is "presented to" the consumer. (*See* Pl.'s Resp. 5–6.) The Court disagrees, for the merchant copy of a receipt is "presented to" the cardholder for his signature but is not "provided to" such cardholder because the cardholder is not supplied with the merchant copy for retention. The cardholder is only supplied with the customer copy. As a result, the Court finds that the unambiguous statutory language of FACTA demonstrates that it does not apply to merchant copies of credit card receipts. The Court notes also that other courts have specifically stated that

---

[14]*Id.* at n.4.

[15]Case No. 0:08-cv-61033-UU (S.D. Fla. Aug. 26, 2008) [Melendez Decl., Ex. C (6/29/11)].

FACTA excludes the "merchant copy" of a credit card receipt from its ambit.[16]

The court dismissed the complaint.

Three months after the first *Turner* decision, a different district judge of the same federal court decided another case brought by the same plaintiff in *Turner v. Matador Argentinian Steakhouse, Corp.*,[17] with the same result. The second *Turner* decision made clear that FACTA's expiration-date-redaction provision does not apply to a merchant receipt even if it ends up in the cardholder's hands:

> Section 1681c(g) applies to credit card transactions that take place in restaurants, such as the present case, as well as retail transactions. Plaintiff's interpretation of the statute (*i.e.*, that a "merchant copy" presented to a customer for his signature is "provided to" that customer) is even more strained in the retail context where the "merchant copy" is handed back to the cashier immediately after it is signed by the customer. Simply because in a restaurant the server steps away for a moment to allow the patron to write in the amount of the tip and sign his or her name does not alter the fact that the "merchant copy" is to be returned to the server rather than "provided to" the customer. Indeed, even the plaintiff acknowledges that the decision to take home the "merchant copy" (as opposed to the "customer copy") was made in error.[18]

The court dismissed the complaint.

More recently — in fact, while this action was pending — the United States District Court for the District of Minnesota reached the same result in *Zaun v. J.S.H. Inc.*

---

[16]*Id.* at 3.

[17]2008 WL 4935445 (S.D. Fla. Nov. 18, 2008).

[18]*Id.* at *2.

*of Faribault*,[19] where the plaintiff "contend[ed] that the long John Silver's employee mistakenly handed him the merchant copy of the receipt rather than the customer copy."[20] The *Zaun* court held that "[o]nly the customer copy is prohibited from containing the credit card's expiration date," and that "[t]he allegations here establish only that an employee at a fast-food restaurant gave a customer the wrong receipt. This does not rise to the level of a willful violation."[21] The court dismissed the complaint.

And just this year, the United States District Court for the Western District of Michigan in *Vinton v. First Data Merchant Services*[22] held that the "Plaintiff had failed to state actionable claims" under FACTA where "a restaurant merchant mistakenly gave Plaintiff the 'merchant's copy' of a sales receipt that contained all of the digits of the Plaintiff's debit card number, as well as the expiration date."[23] Likewise, the United States District Court for the Middle District of *Alabama in Keller v. Macon County Greyhound Park, Inc.*,[24] asked "whether FACTA violations can be proved based solely on the merchant copies," but assumed that the merchant copies themselves did not violate

---

[19]2010 WL 3862860 (D. Minn. Sept. 28, 2010).

[20]*Id.* at *2.

[21]*Id.* at *2.

[22]2011 WL 776135 (W.D. Mich. Mar. 11, 2011).

[23]*Id.* at *1.

[24]2001 WL 1085976 (M.D. Ala. Mar. 24, 1011).

FACTA even though the defendant "does not dispute that the merchant copies of the receipts are nontruncated."[25]

Target did not violate the law because FACTA's expiration-date-redaction provision does not apply to a merchant copy. Target is therefore entitled to a summary judgment in its favor.

II.     **Any alleged violation was not willful.**

Six federal judges in five district courts in four different appellate circuits — as far as Target knows, every court that has considered this issue — have held over the past four years that the law against printing the expiration date on a credit-card receipt does not apply to a merchant copy, even if the merchant copy ends up in the consumer's hands. But even if this Court disagrees with its sibling courts' consensus, this Court should nevertheless find that any alleged violation was not willful.

A.     **Target modified its cash registers so that they complied with FACTA by not printing the expiration date on the customer receipt.**

For most merchants, FACTA's most direct and immediate effect was requiring them to modify their cash registers that print receipts for credit-card transactions so that the credit-card number was truncated and the expiration date did not print "upon any receipt provided to the cardholder at the point of the sale or transaction." This requirement took effect in December 2004 "with respect to any cash register or other

---

[25]*Id.* at *6.

machine or device . . . that is first put into use on or after January 1, 2005,"[26] and in December 2006 "with respect to any cash register or other machine or device . . . that is in use before January 1, 2005."[27] Many civil cases against merchants for violating the expiration-date-redaction provision "involve allegations that the defendant businesses failed to upgrade their processing machines after FACTA."[28]

No such allegation is present here. Target complied with FACTA before the applicable effective dates by modifying its cash registers in order to truncate the credit-card number and redact the expiration date on the cardholder receipt.[29] For each transaction at issue here, the Plaintiff received a customer receipt for her purchases that redacted the expiration date.[30]

     B.     **The Federal Trade Commission's guidance supports the view that the expiration-date-redaction provision does not apply to merchant copies.**

FACTA's expiration-date-redaction provision is codified within the Fair Credit Reporting Act, which charges the Federal Trade Commission with enforcing

---

[26]15 U.S.C. § 1681c(h)(3)(B).

[27]15 U.S.C. § 1681c(h)(3)(A).

[28]*Zaun v. J.S.H. Inc. of Faribault*, 2010 WL 3862860, at *2 (D. Minn. Sept. 28, 2010).

[29]Facts, ¶ 8.

[30]*Id.*, ¶¶ 11, 14.

compliance.[31] The Federal Trade Commission's guidance is therefore helpful in interpreting the law.[32]

The Federal Trade Commission published an FTC Business Alert in May 2007 titled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts." That guidance explains FACTA's expiration-date-redaction provision, and warns merchants that "it's important to make sure all your equipment complies with the law." But it also tells merchants that "[s]everal details of the law are worth noting: . . . . . it applies only to receipts you give your customers at point of sale, *not to any transaction record you retain*."[33] The guidance thus recognizes that the expiration-date-redaction provision does not apply to merchant copies.

C.      **Target needed to maintain each card's expiration date in case of a chargeback or other retrieval request from the card issuer or the card network.**

Target prints the expiration date on sales-audit copies because Visa and other credit- and debit-card networks whose cards Target accepts require that Target maintain that information in case of a chargeback or other retrieval request from the card issuer or

---

[31]15 U.S.C. § 1681s(a) (enforcement by Federal Trade Commission).

[32]*See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

[33]Facts, ¶ 9 (emphasis added).

the card network.[34] For example, American Express requires that the merchant print the expiration date on the merchant copy.[35]

The card networks' requirements are sometimes inconsistent from card network to card network. For example, MasterCard and American Express have inconsistent requirements about whether a merchant may print the expiration date on the merchant copy.[36] And the requirements can evolve over time: for example, Target stopped printing the expiration date on sales-audit copies in November 2010[37] partly in order to comply with new MasterCard regulations that applied to merchant copies and required expiration-date redaction by December 2010.[38] But the fact that MasterCard did not require expiration-date redaction on merchant copies until the end of 2010, and that other card networks still require that the merchant print the expiration date on the merchant copy, show that the credit-card industry took the same view of FACTA's expiration-date-redaction provision as Target has taken: FACTA's expiration-date-redaction provision does not apply to a merchant copy.

---

[34]Facts, ¶ 18.

[35]*Id.*, ¶ 21.

[36]*Id.*, ¶ 20.

[37]*Id.*, ¶ 22.

[38]*Id.*, ¶ 23.

D.     **Target's view was objectively reasonable.**

A business does not willfully violate the Fair Credit Reporting Act if it takes a view of the Act's requirements that is not "objectively unreasonable."[39] A business's view may be "objectively reasonable" if the "reading has a foundation in the statutory text"[40] and does not flout "guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned [the business] away from the view it took."[41] But where such guidance is lacking — that is, where "there has been no contrary opinion from a court of appeals or federal agency suggesting that the company's understanding of the statute is wrong"[42] — then a business that is taking an "objectively reasonable" approach to complying with the Act's requirements is not willfully violating the Act, "even if its construction of the statute turns out to be mistaken."[43]

Here, although no court of appeals has held that FACTA's expiration-date provision does not apply to a merchant copy, six federal district courts have — and no court has held to the contrary. And the Federal Trade Commission has published guidance that supports Target's view that FACTA's expiration-date provision does not apply to a

---

[39]*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69–70 (2007).

[40]*Long v. Tommy Hilfiger U.S.A., Inc.*, 2011 WL 635271, at *6 (W.D. Pa. Feb. 11, 2011) (paraphrasing *id.*).

[41]*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. at 70.

[42]*Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010).

[43]*Id.* at 803–04.

13

merchant copy. Even if this Court were to disagree with Target's view, that view is not "objectively unreasonable," so Target cannot have willfully violated the statute.

## Conclusion

Target did not violate the law because FACTA's expiration-date-redaction provision does not apply to a merchant copy. Target is therefore entitled to a summary judgment in its favor.

But even if this Court disagrees that FACTA's expiration-date-redaction provision does not apply to a merchant copy, the Court should nevertheless find that any alleged violation was not willful. Target modified its cash registers so that they complied with FACTA by not printing the expiration date on the customer receipt. The Federal Trade Commission's guidance supports the view that the expiration-date-redaction provision does not apply to merchant copies. Target needed to maintain each card's expiration date in case of a chargeback or other retrieval request from the card issuer or the card network. Target's view was objectively reasonable.

Therefore, Target respectfully asks that this Court grant a summary judgment in its favor.

June 29, 2011.

FAEGRE & BENSON LLP

/s/ Brian Melendez

_____

Brian Melendez, No. 223633 (Minn.) (pro
  hac vice)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Ph. 612.766.7309
Fax 612.766.1600

in association with

JOHNSON & BELL, LTD.
Garrett L. Boehm
Justin H. Volmert
Suite 2700
33 West Monroe Street
Chicago, IL 60603-5404
Ph. 312.372.0770
Fax 312.372.9818

Attorneys for Defendant
  Target Corporation

fb.us.6982099.01

## Certificate of Service

I certify that on June 29, 2011, this paper was served pursuant to Electronic Case Filing, in the manner for which the General Order on Electronic Case Filing (N.D. Ill. June 5, 2009) provides, as to the following Filing Users:

Cathleen M. Combs,
    Attorney for Plaintiff Drametta Todd
ccombs@edcombs.com

Daniel A. Edelman,
    Attorney for Plaintiff Drametta Todd
courtecl@edcombs.com

Francis Richard Greene,
    Attorney for Plaintiff Drametta Todd
fgreene@edcombs.com

James O. Latturner,
    Attorney for Plaintiff Drametta Todd
jlatturner@edcombs.com

Curtis Charles Warner,
    Attorney for Plaintiff Drametta Todd
cwarner@warnerlawllc.com

/s/ Brian Melendez
_____
Attorneys for Defendant
    Target Corporation

fb.us.6982099.01