UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------------------------------------------------------------------------------

Drametta Todd, individually and on behalf                    No. 1:10-cv-05598
of a class,

                                        Plaintiff,

            vs.

Target Corporation,

                                        Defendant.
_____

REPLY MEMORANDUM IN SUPPORT OF
TARGET'S MOTION FOR SUMMARY JUDGMENT
_____

            Target respectfully submits this memorandum in reply to Plaintiff Drametta

Todd's Response to Defendant Target Corporation's Motion for Summary Judgment

(Aug. 2, 2011) [Doc. 47].


**Reply**

I.      The Plaintiff significantly misstates the evidence about the
        frequency of customers taking sales-audit copies........................... 2

II.     The credit-card industry's recent evolution toward electronic
        recordkeeping has not changed the law. ........................................ 3

III.    FACTA does not apply to "any receipt," it applies only to "any
        receipt *provided to the cardholder* at the point of the sale or
        transaction." ................................................................................ 5

IV.     A merchant can comply with the law without demonstrating
        specific reliance on case law, legal advice, or other authority. ....... 6

V.      A disputed fact cannot defeat a properly supported motion for
        summary judgment unless the factual dispute is material............... 9

I.     **The Plaintiff significantly misstates the evidence about the frequency of customers taking sales-audit copies.**

The Plaintiff's response, in its first paragraph, significantly misstates how often customers walked away from a Target store with a sales-audit copy of their receipt. According to the Plaintiff, "from January 2010 to August 2010, approximately 2 million of these sales audit copy receipts were retained by cardholders who left a Target store with them."[1] The Plaintiff asks this Court to believe that a customer walked off with a sales-audit copy two million times in eight months, or about a quarter million times per month.

But the actual evidence differs. The evidence that the Plaintiff cites explicitly refers to a *two-year* period from September 2, 2008, through September 2, 2010, not the far shorter eight-month period to which the Plaintiff's response and her statement of facts inaccurately refer. The frequency of customers taking sales-audit copies is only one-third of what the Plaintiff claims. That difference is significant. Over the two-year period, there were about 1,743 Target stores[2] that processed almost 3.5 billion (*billion* with a *b*) transactions[3] so, if two million sales-audit copies left stores in a customer's hands, then on average—

---

[1]Pl.'s Resp. [Doc. 47] at 1; *accord id.* at 8 ("Cardholder's transactions with Target over an 8-month period resulted in millions of sales audit copies leaving a Target store after they were provided to the cardholder by Target's cashiers.").

[2]Am. Compl. [Doc. 32], ¶ 13 at 3 (alleging that "[a]s of September 27, 2010, Target operated 1743 stores in 49 states"); Answer Am. Compl. [Doc. 33], ¶ 13 at 6 (admitting allegations).

[3]Pl.'s App. H [Doc. 48-2] at p. 643.

- each store handled about 2,733 transactions per day, and

- out of those 2,733 transactions per day per store, a sales-audit copy left the store in a customer's hands about 1.57 times.

Once or twice a day. Out of over 2,700 transactions.

The Plaintiff argues that, because a nationwide merchant with a high sales volume sees more merchant copies end up in a customer's hands than the smaller restaurants and other merchants who were defendants in the cases that have reached this issue, the cases somehow don't apply; the high-volume merchant is somehow different not only in degree but in kind,[4] and high sales volume converts FACTA into a strict-liability statute for high-volume merchants. There is no statutory basis for such discrimination. If a small merchant's conduct is lawful, then the same conduct by a large merchant must also be lawful.

II.    **The credit-card industry's recent evolution toward electronic recordkeeping has not changed the law.**

The Plaintiff argues that Target could have maintained the information from its sales-audit copies — including the card's expiration date — electronically, in which case a paper sales-audit copy would be unnecessary. Some major card networks now prefer such electronic recordkeeping, and have begun to require that even merchant copies

---

[4]*See, e.g.*, Pl.'s Resp. at 1–2 ("None of those cases involved a defendant allowing merchant copies to be given to cardholders millions of times."); *id.* at 9 ("In both *Turner* cases there was no evidence that the defendants provided millions of receipts to cardholder [sic] as is the case here."); *id.* at 10 ("This case does not involve an accidental error, but the provisions of millions of non-compliant receipts . . . .").

3

redact the expiration date on any printed merchant copy. For example, MasterCard imposed such a requirement effective December 2010,[5] and Target accordingly stopped printing the expiration dates on sales-audit copies in November 2010.[6]

But FACTA was enacted in 2003,[7] had taken full effect by 2006,[8] and Target complied with FACTA before the applicable effective dates by modifying its cash registers in order to truncate the credit-card number and redact the expiration date on the cardholder receipt.[9] The statute has not changed since its enactment in 2003. The credit-card industry's recent evolution toward electronic recordkeeping has not changed the law.

The fact that the card networks have only recently begun implementing regulations that require merchants to redact credit and debit cards' expiration dates shows that, in the industry's view, such redaction was not required before now. This action concerns a claim that Target violated FACTA, not that Target failed to comply with some card network's regulations. And if Target was complying with FACTA before the card networks began asking that merchants redact expiration dates, then Target was still complying with FACTA even after the card networks began implementing their recent policies.

---

[5] Target's Statement Material Facts [Doc. 43], ¶ 23 at 6.

[6] *Id.*, ¶ 22.

[7] *Id.*, ¶ 5 at 2.

[8] *Id.*, ¶¶ 6–7.

[9] *Id.*, ¶ 8.

III.   **FACTA does not apply to "any receipt," it applies only to "any receipt** *provided to the cardholder* **at the point of the sale or transaction."**

The Plaintiff argues that "Section 1681c(g)(1) is applicable to 'any receipt' and that "[u]nder the rules of statutory construction, 'any' means 'any[.]'"[10] If MasterCard called a merchant copy a "receipt"[11] or Target may have referred to a sales-audit copy as a "receipt,"[12] then FACTA and its expiration-date-redaction provision must apply. According to the Plaintiff, the statute "does not distinguish customer receipts from merchant copy receipts";[13] district courts all over the country have been repeatedly getting it wrong because they "did not analyze the FTC's May 2007 guidance as required [by] *Safeco* in reaching their decisions."[14]

But the statute does not say just "any receipt," it says "any receipt *provided to the cardholder* at the point of the sale or transaction."[15] The cases that have interpreted this wording have held that FACTA does not prohibit the printing of a receipt containing fuller card information than the merchant can print on the customer receipt,[16] that a receipt is not "provided to the cardholder" within FACTA's meaning if the cardholder is

---

[10]Pl.'s Resp. [Doc. 47] at 6.

[11]*Id.* at 7 (citing Pl.'s Statement Addt'l Material Facts, ¶ 21).

[12]*Id.* (citing Pl.'s Statement Addt'l Material Facts, ¶ 20).

[13]*Id.* at 7–8.

[14]*Id.* at 11.

[15]15 U.S.C. § 1681c(g)(1) (truncation of credit card and debit card numbers — in general) (emphasis added).

supposed to return the receipt to the merchant,[17] and that FACTA's expiration-date-redaction provision does not apply to a merchant copy even if it ends up in the cardholder's hands.[18] These cases are consistent with "the FTC's May 2007 guidance," which says that FACTA "applies only to receipts you give your customers at point of sale, *not to any transaction record you retain*,"[19] and thus recognizes that the expiration-date-redaction provision does not apply to merchant copies.

IV.     **A merchant can comply with the law without demonstrating specific reliance on case law, legal advice, or other authority.**

The Plaintiff repeatedly faults Target for not "relying" on legal advice or other authority in complying with FACTA's expiration-date-redaction provision. For example, the half-dozen decided cases that Target cites in its moving papers shouldn't apply because "Target in discovery has not identified that anyone at Target knew about the cases it cited prior to the filing of this lawsuit or that it was in possession of any documents that referred to these cases."[20] According to the Plaintiff, even though the

---

[16]*Ehrheart v. Bose Corp.*, 2008 WL 64491, at *4 (W.D. Pa. Jan. 4, 2008).

[17]*Turner v. Ben & Gabby's, Inc.*, Case No. 0:08-cv-61033-UU [Melendez Decl., Ex. C (6/29/11)], at 3 (S.D. Fla. Aug. 26, 2008).

[18]*Turner v. Matador Argentinian Steakhouse, Corp.*, 2008 WL 4935445, at *2 (S.D. Fla. Nov. 18, 2008).

[19]Target's Statement Material Facts [Doc. 43], ¶ 9 (emphasis added).

[20]Pl.'s Resp. [Doc. 47] at 11; *accord id.* at 13 ("Target's memorandum does not argue that it was aware of the district court cases it cited in its brief issued before this lawsuit or that it relied on them in any way.").

Federal Trade Commission's guidance says that the expiration-date-redaction provision does not apply to merchant copies, and six federal district courts have held that the provision does not apply to merchant copies, Target was nevertheless acting recklessly because "[n]ot to obtain advice of counsel . . . was reckless."[21]

The Plaintiff and her attorneys have tried throughout this litigation to construct an argument that, if Target did not seek the advice of counsel, then its conduct was necessarily willful — that is, if Target didn't get a formal legal opinion for its conduct, then it must have known that it was breaking the law. But there is no requirement anywhere in the law making it illegal to engage in perfectly lawful conduct without a lawyer's permission.

The cases holding that the expiration-date-redaction provision does not apply to merchant copies have been reported in the trade press[22] and in secondary sources,[23] and are generally well known in the consumer-financial-services industry. After all, as the Plaintiff's complaint repeatedly asserts, FACTA has been for several years a hot topic in the industry, and the credit-issuing players were paying careful attention to the law's

---

[21]*Id.* at 13.

[22]*See, e.g., Privacy Matters: A Roundup of Recent Consumer Financial Privacy Disputes*, Consumer Fin. Services L. Rep., Jan. 21, 2009, at 19 [Melendez Decl., Ex. A (5/20/11)].

[23]*See, e.g.,* Chi Chi Wu et al., *Fair Credit Reporting* § 9.2.5.1.3 at 381 (National Consumer Law Center 7th ed. 2010); Jay M. Zitter, *Annotation, Validity, Construction, and Application of Credit Card Number & Expiration Date Truncation Requirement, and Related Provisions, of Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C.A. §§ 1681c(g), 1681n,* 51 A.L.R. Fed. 2d 273, § 24 (2010) (applicability to merchant's copy of receipt).

requirements and to applicable developments in the law around those requirements.[24] Target's lawyers were likewise paying attention. But when a long series of federal courts says that the law against printing the expiration date on a credit-card receipt "specifically"[25] and "unambiguously"[26] does not apply to merchant copies, then the lawyers hardly needed to write a memo about it.

More to the point, a business does not willfully violate the Fair Credit Reporting Act if it takes a view of the Act's requirements that is not "objectively unreasonable."[27] This standard is an objective standard: a business can interpret the law for itself, without relying on legal advice or other authority. The Fair Credit Reporting Act speaks to merchants, including Target, as well as to consumers and their attorneys. The relevant question is not whether the merchant relied on legal advice or other authority, but whether the merchant's own interpretation was "objectively reasonable." A business's view may be "objectively reasonable" if the "reading has a foundation in the statutory text"[28] and

---

[24] *See* Am. Compl. [Doc. 32], ¶¶ 21–45 at 4–10 (2/23/11).

[25] *Ehreheart v. Bose Corp.*, 2008 WL 64491, at *4 n. 4 (W.D. Pa. Jan. 4, 2008) ("The statute specifically excludes merchants' copies of receipts from the truncation requirement.").

[26] *Turner v. Matador Argentinian Steakhouse, Corp.*, 2008 WL 4935445, at *2 (S.D. Fla. Nov. 18, 2008) (dismissing claim "based solely on a 'merchant copy' of a credit card receipt which is exempt from the unambiguous language of § 1681c(g)").

[27] *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69–70 (2007).

[28] *Long v. Tommy Hilfiger U.S.A., Inc.*, 2011 WL 635271, at *6 (W.D. Pa. Feb. 11, 2011) (paraphrasing *id.*).

8

does not flout "guidance from the courts of appeals or the Federal Trade Commission

(FTC) that might have warned [the business] away from the view it took."[29]


V.     **A disputed fact cannot defeat a properly supported motion for summary judgment unless the factual dispute is material.**

Finally, the Plaintiff's statement of additional "material" facts[30] raises several

facts that the record does not support, (¶¶ 8–9, 14, 20, 31, 33, 38), or with which Target

otherwise disagrees, (¶¶ 12–13, 18). Target has addressed each such disagreement, with

citations to the record, in the accompanying Target's Response to Plaintiff's Statement

of Additional Material Facts (Aug. 16, 2011).

But no such disagreement involves a genuinely "material" fact. The mere

presence of a factual dispute will not preclude summary judgment.[31] A disputed fact

must be *material*: "Only disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude summary judgment. Factual disputes that

are irrelevant or unnecessary will not be counted."[32]

---

[29]*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. at 70.

[30]"Plaintiff's Statement of Additional Material Facts," *in* Pl.'s Resp. Target's Statement Material Facts [Doc. 48] at 14–20 (8/2/11).

[31]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact" (Court's emphasis)).

[32]*Id.* at 248.

No "material" fact that the Plaintiff has raised, nor any disagreement that the Plaintiff has raised with any fact with which Target has supported its motion for summary judgment, precludes a summary judgment in Target's favor.

August 16, 2011.

FAEGRE & BENSON LLP

/s/ Brian Melendez

_____

Brian Melendez, No. 223633 (Minn.) (pro hac vice)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Ph. 612.766.7309
Fax 612.766.1600

in association with

JOHNSON & BELL, LTD.
Garrett L. Boehm
Justin H. Volmert
Suite 2700
33 West Monroe Street
Chicago, IL 60603-5404
Ph. 312.372.0770
Fax 312.372.9818

Attorneys for Defendant
Target Corporation

fb.us.7172080.02

10

**Certificate of Service**

I certify that on August 16, 2011, this paper was served pursuant to Electronic Case Filing, in the manner for which the General Order on Electronic Case Filing (N.D. Ill. June 5, 2009) provides, as to the following Filing Users:

Cathleen M. Combs,
    Attorney for Plaintiff Drametta Todd
ccombs@edcombs.com

Daniel A. Edelman,
    Attorney for Plaintiff Drametta Todd
courtecl@edcombs.com

Francis Richard Greene,
    Attorney for Plaintiff Drametta Todd
fgreene@edcombs.com

James O. Latturner,
    Attorney for Plaintiff Drametta Todd
jlatturner@edcombs.com

Curtis Charles Warner,
    Attorney for Plaintiff Drametta Todd
cwarner@warnerlawllc.com


                                    /s/ Brian Melendez
                            _____
                                    Attorneys for Defendant
                                        Target Corporation

fb.us.7172080.02