**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DRAMETTA TODD, | ) | |
| individually and on behalf of a class, | ) | |
| | ) | |
| Plaintiff, | ) | 10 CV 5598 |
| | ) | |
| v. | ) | Judge Chang |
| | ) | Magistrate Judge Keys |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO BAR**

Plaintiff Drametta Todd respectfully asks the Court to enter an order barring

Defendant Target Corporation ("Target") from making any argument in the remainder of this

litigation which could be rebutted by a review of surveillance videos of transactions at Target

stores during the class period. In particular, due to Target's failure to preserve relevant

surveillance videos, Target should be barred from making any argument (a) as to what may or

may not have happened in any particular class member's transaction(s), or (b) any argument in

opposition to a motion for class certification, summary judgment, or any other motion that could

have been rebutted by a review of the surveillance videos.

In support of this motion, Plaintiff states as follows:

1.       It is Target's practice to make a surveillance video recording of each

transaction at each of its stores. In connection with this litigation, Target reviewed surveillance

videos for a two month period at a store in Denton, Texas. From that video, Target estimated the

number of transactions during the class period in which (a) a sales audit copy was involved in

the transaction and (b) the consumer left the store with a sales audit copy.

1

2.     Target has also failed to preserve *any* video from *any* store during the class period, with the exception of Plaintiff's second transaction. (E-mail from Brian Melendez to Curtis Warner, May 4, 2012, <u>Exibit A</u>.) Target even failed to preserve the two months worth of surveillance video from the store in Denton, Texas. (<u>Exhibit A</u>.)

3.     Had Target not allowed the surveillance videos to be erased, Plaintiffs could have used those videos to do a sampling of sales audit copy transactions. That sampling could have determined that Target's practice was uniform with respect to the handling of the sales audit copies. The existence of one or two class members whose circumstance is different from the majority of class members, as illustrated by a common practice, is not sufficient to defeat commonality or predominance. *Blackie v. Barack*, 524 F.2d 891, 906 (9th Cir. 1975) ("The fact that a defendant may be able to defeat the showing of causation as to a few individual class members does not transform the common question into a multitude of individual ones; . . . ."

4.     Spoliation of evidence occurs when one party destroys evidence relevant to an issue in the case. *Smith v. United States*, 293 F.3d 984, 988, (7th Cir. 2002). A party has a duty to preserve evidence over which it has control and reasonably knows or could foresee would  be material to a potential legal action. *Bryant v. Gardner*, 587 F. Supp. 2d 951, 967-968 (N.D. Ill. 2008).

5.     Target either acted in bad faith or was grossly negligent in destroying potentially relevant evidence to the claims of Plaintiff and the class. *Domanus v. Lewicki*, 2008 C 4922, 2012 U.S. Dist. LEXIS 81651, *17 (N.D. Ill. 2012) (holding that spoilation results from either bad faith or fault). Either way, Target should be estopped from arguing that individual issues preclude certification of a class under Fed. R. Civ. P. 23(b)(3). By destroying the

2

surveillance video that Plaintiff could have used to establish a common pattern and practice with respect to the handling of sales audit copies, Target severely prejudiced Plaintiff's ability to demonstrate that individual issues do *not* predominate over common issues (contrary to the Court's suggestion in its denial of Target's motion for summary judgment).

6.      Courts have broad discretion to fashion a sanction appropriate to the factual circumstances of each case. *Domanus*, 2012 U.S. Dist. Lexis 81651, at *29. Barring Target from making arguments – whether it be in response to a motion for class certification, a motion for summary judgment, or otherwise – where the arguments could be rebutted by a review of the surveillance videos that Target failed to preserve, is an appropriate remedy for Target's failure to preserve any surveillance videos other than Plaintiff's second transaction.

7.      *People v. Kladis*, 960 NE.2d 1104 (Ill. 2011) illustrates the appropriateness of this sanction. In *Kladis*, the defendant was arrested for driving while intoxicated. The evidence was a video of what happened when the defendant was pulled over by the police, but the video was not preserved. The Illinois Supreme Court upheld the trial court's sanction of barring the arresting officer from testifying about anything that he observed which would have been contained on the destroyed video. *Kladis*, 960 N.E.2d at 1113. As in *Kladis*, Target should be barred from introducing any evidence or making any argument about transactions that would have been depicted on the destroyed surveillance videos.

WHEREFORE, Plaintiff Drametta Todd respectfully asks the Court to enter an order barring Target from making any argument in the remainder of this litigation which could be rebutted by a review of surveillance videos of transactions at Target stores during the class period. In particular, due to Target's failure to preserve relevant surveillance videos, Target

should be barred from making any argument (a) as to what may or may not have happened in any

particular class member's transaction(s), or (b) any argument in opposition to a motion for class

certification, summary judgment, or any other motion that could have been rebutted by a review

of the surveillance videos.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Curtis C. Warner (6282197)
Warner Law Firm, LLC
Millennium Park Plaza,
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com

## <u>CERTIFICATE OF SERVICE</u>

       I, Daniel A. Edelman, hereby certify that on June 18, 2012, I filed the foregoing documents with the Clerk of the Court using the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

Brian Melendez
bmelendez@faegre.com

Garret L. Boehm, Jr.
boehmg@jbltd.com

Justin H. Volmert
volmertj@jbltd.com

Curtis C. Warner
cwarner@warnerlawllc.com

                                   s/Daniel A. Edelman
                                   Daniel A. Edelman

5